| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>MCM, LLC, a California Limited Liability Company; and Does 1-10,<br><br>          Defendants. | No. 2:16-cv-01572-KJM-EFB<br><br><br><br>ORDER |

          Plaintiff sued a California limited liability company and ten unnamed individuals, claiming defendants' parking lot does not comply with the Americans with Disabilities Act ("ADA"). Compl., ECF No. 1. Plaintiff filed this action on July 10, 2016, but has yet to properly serve defendant MCM, LLC. Plaintiff twice sought continuances, ECF Nos. 4, 6, and has filed a list of thirty-two unsuccessful service attempts on defendant MCM's agent Cindy Yang. *See* Exs. A & B, ECF No. 6. After more time passed with no service, the court ORDERED plaintiff to show cause why this case should not be dismissed. Order, ECF No. 9. Plaintiff timely responded with the instant ex parte application seeking to hand deliver a copy of the summons and the Complaint to the Office of the California Secretary of State. *See* Application, ECF No. 10 (citing Cal. Corp. Code § 17701.16(c), formerly denominated § 17061(c)(1)). As explained below, the court GRANTS plaintiff's application.

1

California Corporations Code section 17701.16(c) permits service on limited liability companies by hand-delivery to the California Secretary of State a copy of the process papers, together with a court order authorizing such service. A court may authorize such service "if the designated agent [for the LLC] cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company or foreign limited liability company cannot be served with reasonable diligence upon the designated agent . . . ." Cal. Corp. Code § 17701.16(c). The court interprets "reasonable diligence" to require the same efforts to serve by other means as required by California Code of Civil Procedure section 415.50. *See Johnson v. 4885 Granite, LLC*, No. 215-cv-02698-KJM-EFB, 2016 WL 3538382, at *1 (E.D. Cal. June 29, 2016).

In determining whether plaintiff was reasonably diligent for section 415.50 purposes, a court must examine the plaintiff's affidavit to see if he "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). Due process concerns command that service under section 415.50 be treated "only as a last resort." *Donel*, 87 Cal. App. 3d at 332; *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (discussing due process and notice to a party). "'Before allowing a plaintiff to resort to service by [section 415.50], the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Watts*, 10 Cal. 4th at 749. The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "the myriad . . . avenues" have been properly exhausted to warrant service by [section 415.50]. *Donel*, 87 Cal. App. 3d at 333.

Here, plaintiff has shown reasonable diligence in attempting to serve MCM, LLC. The California Secretary of State website listed the agent for service of process for MCM as Cindy Yang. Ex. 1, ECF No. 10-3. The address for the agent is listed as 18405 Capistrano Way,

| | |
|---|---|
| 1 | Morgan Hill, CA 95307 and 17755 Calle Mazatan, Morgan Hill, CA 95037-5172.  *Id.*; Masanque |
| 2 | Decl. ¶ 7, ECF No. 10-1; Application at 3.  Plaintiff's counsel also pursued alternative addresses |
| 3 | on a national investigative database that searches county property records, voting lists, utilities, |
| 4 | Uniform Commercial Code filings, Secretary of State entity files, employer records, professional |
| 5 | affiliation records, and lists of possible relatives and probable associates.  Masanque Decl. ¶ 6. |
| 6 | Plaintiff's counsel found one such alternate address for Ms. Yang: 20640 Third St. #250, |
| 7 | Saratoga, CA 95070.  *See* Application at 3.  Plaintiff's counsel directed a registered process |
| 8 | server to serve the summons and the Complaint on Ms. Yang at all three addresses.  *Id.* at 4; |
| 9 | Masanque Decl. ¶¶ 8, 9.  During each attempt, the servicer noted no activity and no answer. |
| 10 | Application at 4; Masanque Decl. ¶¶ 9, 10, 11.  Plaintiff also mailed copies of the summons and |
| 11 | Complaint to each address.  *See* Attachments 4-10, ECF No. 10.  As noted, plaintiff's declarations |
| 12 | and exhibits in support of his second continuance request listed thirty-two specific service |
| 13 | attempts on these three addresses combined, each of which produced no answer.  *See generally* |
| 14 | Exs. A & B, ECF No. 6. |

        In sum, the court finds plaintiff has adequately demonstrated that process cannot be served on MCM, LLC or its agent with reasonable diligence, given the repeated attempts on three separate addresses with no activity and no response.  Accordingly, the court is satisfied that plaintiff is entitled to effect service on MCM, LLC by delivering by hand a copy of the summons and the Complaint to the Office of the California Secretary of State as provided by California Corporations Code section 17701.16(c).  The court GRANTS plaintiff's application, ECF No. 10, and DISCHARGES the pending order to show cause, ECF No. 9.

        IT IS SO ORDERED.

        This resolves ECF Nos. 9 and 10.

DATED: May 16, 2017.

                                          UNITED STATES DISTRICT JUDGE